DUCKER, JUDGE:
Joseph P. Securro claims the Department of Mines owes him $108.00 for three days attendance as a witness at a mine explosion hearing in Fairmont, West Virginia, he having been required by summons to so 'appear on December 5, 6, and 7, 1968. The claim was originally for four days at $36.00 per day *104 but the claim for the fourth day was withdrawn. Claimant says that his daily rate of pay as a mine foreman was $36.00, and that inasmuch as he lost wages at that rate he is entitled to be reimbursed in that amount. The State does not deny the facts pertaining to claimant’s attendance as a witness, but does deny the obligation of the State bo pay for such loss and says there is no provision in the law authorizing the Department of Mines to pay such a claim.
Of course, it is unfortunate 'that there is not some statutory or other legal provision fixing -a witness fee for such service, but this Court cannot legislate in the matter. We can only determine the question of liability according ,to law, and if found legal we can make an award despite the question of constitutional immunity. Here we have no legal justification for a finding of liability, and hence we can impose no moral obligation on the part of the State. Nor can we establish a precedent in such matters.
Fees for witnesses in Court are in fixed positive and relatively small amounts per day, regardless of the loss which a witness may actually suffer in being away from his usual vocation. That is necessarily so, because litigation would be seriously handicapped and impaired if the State and eventually the litigants had to pay all losses which might be suffered by witnesses because of their attendance at trials and participation in the administration of justice.
By reason of the above, we must and do disallow the claim of the petitioner.
Claim disallowed.